JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
MELANIE L. PROCTOR, CSBN 228971
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6730
FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NABIL OSMAN,<br><br>              Plaintiff,<br><br>      v.<br><br>MICHAEL CHERTOFF, as Secretary of the Department of Homeland Security;<br>EMILIO GONZALEZ, as Director of U.S. Citizenship and Immigration Services;<br>ROBIN BARRETT,* as Field Director of the San Francisco District of U.S. Citizenship and Immigration Services;<br>ROBERT S. MUELLER, as Director of Federal Bureau of Investigation;<br>MICHAEL B. MUKASEY,* Attorney General of Department of Justice,<br><br>              Defendants. | No. C 07-5750 RMW<br><br>**ANSWER** |

Defendants hereby submit their answer to Plaintiff's Complaint for Declaratory and Injunctive Relief; Petition for Naturalization Hearing.

**JURISDICTION AND VENUE**

1. Paragraph One consists of Plaintiff's allegation regarding jurisdiction, to which no

---

*Pursuant to Fed. R. Civ. P. 25(d)(1), Michael B. Mukasey is substituted for his predecessor, Alberto Gonzales, as the United States Attorney General, and Robin Barrett is substituted for her predecessor, David Still, as Field Office Director of the San Francisco District Office.

ANSWER
C07-5750 RMW                    1

1  responsive pleading is required; however, to the extent a responsive pleading is deemed necessary,
2  Defendants deny that this Court has jurisdiction under any of the provisions cited in Paragraph One.
3      2.    Paragraph Two consists of Plaintiff's allegations regarding venue, to which no
4  responsive pleading is required.

**INTRODUCTION**

6      3.    Defendants admit the first sentence in Paragraph Three; however, Defendants deny the
7  remaining allegations in Paragraph Three.
8      4.    Paragraph Four consists of Plaintiff's characterizations of law to which no responsive
9  pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants
10  deny the allegations in Paragraph Four.
11      5.    Defendants lack sufficient information to admit or deny the allegations in Paragraph
12  Five, and on that basis, deny them.
13      6.    Paragraph Six consists of Plaintiff's characterizations of this action to which no
14  responsive pleading is required; however, to the extent a responsive pleading is deemed necessary,
15  Defendants deny the allegations in Paragraph Six.
16      7.    Paragraph Seven consists of Plaintiff's characterizations of this action to which no
17  responsive pleading is required; however, to the extent a responsive pleading is deemed necessary,
18  Defendants deny the allegations in Paragraph Seven.
19      8.    Defendants are without sufficient information to admit or deny the allegations in
20  Paragraph Eight, and on that basis, deny them.
21      9.    Defendants admit the allegations in Paragraph Nine.
22      10.   Defendants admit the allegations in Paragraph Ten.
23      11.   Defendants deny the allegations in Paragraph Eleven.  Robin Barrett is the Field Office
24  Director of the San Francisco District.
25      12.   Defendants admit the allegations in Paragraph Twelve.
26      13.   Defendants deny the allegations in Paragraph Thirteen.
27  ///
28  ///

ANSWER
C07-5750 RMW                                2

**LEGAL FRAMEWORK**

14. Defendants admit the allegations in Paragraph Fourteen.

15. Defendants admit the allegations in Paragraph Fifteen.

16. Defendants admit the allegations in Paragraph Sixteen.

17. Defendants admit the allegations in Paragraph Seventeen.

18. Defendants admit the allegations in Paragraph Eighteen.

19. Defendants admit the allegations in Paragraph Nineteen.

20. Defendants admit the allegations in Paragraph Twenty.

21. Defendants admit the allegations in Paragraph Twenty-One; however, Defendants deny that there is no regulation requiring background checks. Defendants aver that Congress has forbidden USCIS from adjudicating applications for naturalization until all necessary background checks are complete. Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1998, Pub. L. 105-119, 111 Stat. 2440, 2448-49.

22. Defendants deny the allegations in Paragraph Twenty-Two.

23. Defendants deny the allegations in Paragraph Twenty-Three.

**FIRST CLAIM FOR RELIEF**

24. Defendants incorporate its responses to Paragraph One through Twenty-Three as if set forth fully herein.

25. Paragraph Twenty-Five consists of Plaintiff's characterizations of the lawsuit to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants deny the allegations in Paragraph Twenty-Five.

**SECOND CLAIM FOR RELIEF**

26. Defendants incorporate its responses to Paragraph Twenty-Four through Twenty-Five as if set forth fully herein.

27. Defendants admit the allegations in Paragraph Twenty-Seven.

28. Defendants deny the allegations in Paragraph Twenty-Eight.

29. Defendants lack sufficient information to admit or deny the allegations in Paragraph Twenty-Nine, and on that basis, deny them.

## THIRD CLAIM FOR RELIEF

30. Defendants incorporate its responses to Paragraph Twenty-Six through Twenty-Nine as if set forth fully herein.

31. Defendants admit the allegations in Paragraph Thirty-One.

32. Defendants deny the allegations in Paragraph Thirty-Two.

33. Defendants lack sufficient information to admit or deny the allegations in Paragraph Thirty-Three, and on that basis, deny them.

## PRAYER FOR RELIEF

34. Paragraph Thirty-Four consists of Plaintiff's prayer for relief, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Defendants deny this paragraph.

## AFFIRMATIVE AND/OR OTHER DEFENSES

All allegations not here before specifically admitted, denied, or modified, are hereby denied. For further and separate answer, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

No acts or omissions by the United States or its employees were the proximate cause of any injury or damages to the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

At all times alleged in the complaint, Defendants were acting with good faith, with justification, and pursuant to authority.

## FIFTH AFFIRMATIVE DEFENSE

The Defendants are processing the application referred to in the Complaint to the extent possible at this time. Accordingly, no relief as prayed for is warranted.

///

1 | WHEREFORE, Defendants pray for relief as follows:

2 | That judgment be entered for Defendants and against Plaintiff, dismissing Plaintiff's Complaint with prejudice; that Plaintiff takes nothing; and that the Court grant such further relief as it deems just and proper under the circumstances.

Date: January 29, 2009

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

    /s/
MELANIE L. PROCTOR
Assistant United States Attorney
Attorneys for Defendants